[Civ. No. 4017.   Fourth Dist.   Apr. 7, 1950.]

RED SHERIDAN, Appellant v. W. A. STEPHENSON, Respondent.

David S. Folsom for Appellant.

Rue C. Gibson for Respondent.

BARNARD, P. J.—This is an action for damages for breach of an oral contract.

W. A. Stephenson operated the Merit Oil Company, a small concern engaged in selling greases mostly for use on tractors and other farm machinery. He did not manufacture oils or greases, but at times "compounded" or mixed them as specially ordered, or to adapt them for summer or winter use. For some years the plaintiff, who lived at Corcoran, acted as defendant's distributor and sold about 95 per cent of its output, paying cash for the goods and reselling to his customers.

After a dispute between them in October, 1946, the plaintiff ceased buying greases from the defendant and began buying them direct from a grease manufacturing company in Los Angeles, the same company from which the defendant had been buying the greases with which he had supplied the plaintiff.

The complaint in this action alleged that the parties entered into an oral agreement in 1939, whereby the plaintiff agreed to distribute and sell the defendant's products under a certain trade name, and the defendant agreed to give him an exclusive distributorship in a certain territory for as long as he "sold at least $250 worth of Merit oil and greases each month"; that pursuant to this agreement he expended $10,000 in purchasing from the defendant "large quantities of such oils and greases" and purchased more than $250 worth each month; that on October 17, 1946, the defendant without cause terminated the agreement and refused to sell him any more such products; that he then had on hand $3,000 worth of defendant's oils and greases, and that he had thus been damaged in the sum of $13,000. As a second cause of action, it was alleged that pursuant to this contract the plaintiff had expended for the benefit of the defendant the sum of $13,000 "for advertising, equipment, oils and greases and other expenses"; and that payment had been demanded and refused. Judgment was prayed for in the sum of $13,000. The answer admitted that an oral distributorship contract had existed but denied the allegations as to its exclusive nature and as to its continuance. It further denied that the defendant had breached this contract, and alleged that the plaintiff had quit handling the defendant's products on October 17, 1946. A jury returned a verdict in favor of the defendant, and the plaintiff has appealed from the judgment which followed.

874

■ The appellant admits that the evidence is amply sufficient to support the verdict, but contends that two errors committed by the court require a reversal. It is first argued that the court erred in refusing "to admit evidence of appellant's costs of advertising respondent's products." So far as the record shows, the appellant was shown "a number of sheets of paper" by his counsel and asked what it was. He replied that it was "an inventory of business from 1937 up to and including ten months of 1946"; that it was business done year by year, including purchases and advertising; that it was prepared by his bookkeeper, and that it represented a summary of his business for that period. It was then offered in evidence and an objection was sustained. The matter was then dropped, it was not marked for identification, and no offer of proof was made. It has not been brought before us in any manner and there is nothing to indicate whether or not any part of it was material, or whether or not its rejection could have prejudiced the appellant.

■ A part of one instruction given is also assigned as error. This instruction told the jury that if it found the defendant had breached this agreement without cause, it would then be its duty "to compensate plaintiff for the actual loss sustained" as a result of this breach. It then stated, in the portion complained of, that plaintiff's damages would be the difference in cost between Merit oils and greases delivered to him and the greater cost to him, if any, of other oils and greases of similar grade and quality, and that in no event could such damages exceed what he would have gained had the contract been fully performed. It is argued that this is not the correct measure of damages in such a case as this; that the proper elements of damage here were the amounts expended by the appellant in contemplation of the performance of the contract, and the amount of prospective profits which could reasonably have been anticipated had the contract remained in force; and that the appellant had built up a substantial business "by virtue of an exclusive territory and extensive advertising of respondent's trade name with the result that the trade name was of greater value than the product itself."

Under appellant's theory it was incumbent upon the appellant to prove the facts upon which the claimed elements of damage must be based. The appellant points to no evidence in the record, and we can find none, which would establish

these essential facts or which would have supported a judgment in any amount in his favor on that theory.

While slightly conflicting, the evidence strongly indicates that the appellant himself ended their relationship because of his dissatisfaction with the respondent and its products, and that the respondent did not terminate the agreement. It appears, without conflict, that the appellant had long been dissatisfied with the respondent's products, that he had been looking for another place to buy supplies, and that he considered at the time of the trial that he had bettered himself by making a new connection with the same concern from which the respondent was getting its supplies. On October 17, 1946, he wrote to the Los Angeles concern asking if it would supply him with such products and stating "I have become very dissatisfied with the line I am handling, and since the product seems to become more unstable, I am ready for a complete change over." In a letter to the respondent dated October 28, 1946, he referred to lost customers and stated that he had been compelled to take back a large quantity of respondent's main product, that this product had long been a source of dissatisfaction and was "even worse now," and that, due to respondent's refusal to take back broken containers of grease, his business had become unsalable. He testified at great length as to his long continued dissatisfaction with the respondent's products; that they were bad to begin with, had grown worse, and were causing him to lose his customers; that they were decidedly inferior to those he later got direct from the Los Angeles concern; that he was getting all he wanted of such supplies which were far superior to, and cost him less, than the respondent's product; and that "there was something wrong with Merit's, that is the reason we separated." While he stated that his present operating costs were higher, he attributed this to his own ill health. Appellant admits in his brief that it was established at the trial that he could purchase "equal or superior products in the open market at a lower cost than Merit products." Such evidence as there is in the record covering respondent's "trade name" strongly indicates that the appellant considered it a handicap rather than a benefit to him.

If it be assumed that the instruction in question is erroneous it cannot be held to be sufficiently prejudicial to justify a reversal, in view of the evidence which was produced. The court also instructed the jury that the general rule is that

the measure of damages, for the breach of an obligation arising from such a contract as this, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which, in the ordinary course of events, would be likely to result therefrom. Also, that it was incumbent upon the party thus injured to use all ordinary care to keep the injury as slight as possible. The apparent conflict between these instructions and the one complained of loses its importance in view of the evidence received, and the absence of any evidence to establish the elements of damage relied on by the appellant. There was a complete failure of proof in that respect, and the instructions given covered the issues so far as presented by the evidence. The general rule was, in effect, modified or limited by the instruction complained of in accordance with the evidence before the jury.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.